IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **ABEOME CORPORATION, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**J. HAMPTON STEVENS, LISA L. TORBETT, AND GEORGE CAMPBELL,**<br><br>Defendants. | **Civil Action File No.**<br><br>_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants J. Hampton Stevens ("Stevens"), Lisa L. Torbett ("Torbett"), and George Campbell ("Campbell") (collectively, "Defendants") hereby remove this action from the Superior Court of Athens-Clarke County, Georgia to the United States District Court for the Middle District of Georgia. As described below, this Court has subject matter jurisdiction over the claims alleged in this case, and the procedural requirements of removal have been satisfied. Therefore, this case is properly removed to this Court.

**Procedural History**

1. On December 15, 2021, Plaintiff Abeome Corporation, Inc. ("Abeome" or "Plaintiff") filed a Petition for Judicial Appraisal of Shares Pursuant to O.C.G.A. § 14-2-1330 (the "Petition") against Defendants in the Superior Court of Athens-Clarke County, Georgia, Civil Action File No. SU21CV0601 (the "State Court Action"). True and correct copies of all process, pleadings, and orders filed in the State Court Action are attached as **Exhibit 1**.

2. On January 10, 2022, Defendants acknowledged service of process of the Petition.

**Grounds for Removal**

3. Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this suit because there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy, exclusive of interest and costs, exceeds $75,000. In addition, pursuant to 28 U.S.C. § 1441, *et seq.*, this case is properly removable.

    A.    Citizenship of the Parties

4. Plaintiff Abeome alleges in the Petition that it is a Georgia corporation with a registered office in Clarke County, Georgia. (Petition at ¶ 1.) Abeome maintains its principal place of business in Bogart, Georgia. Therefore, for purposes of determining diversity jurisdiction, Abeome is a citizen of Georgia. *See* 28 U.S.C. § 1332(c)(1).

5. Defendants Stevens and Torbett are individuals and residents of North Carolina. Therefore, for purposes of determining diversity jurisdiction, Defendants Stevens and Torbett are citizens of North Carolina.

6. Defendant Campbell is an individual and resident of South Carolina. Therefore, for purposes of determining diversity jurisdiction, Defendant Campbell is a citizen of South Carolina.

7. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

    B.    The Amount in Controversy

8. As alleged in the Petition, pursuant to O.C.G.A. § 14-2-1330, Abeome petitions the Court to conduct a nonjury equitable valuation proceeding to determine the fair value of Defendants' shares in Abeome and accrued interest. (Petition at p. 1, ¶ 11.) Pursuant to O.C.G.A. § 14-2-1330(e), Defendants will be "entitled to judgment for the amount which the court finds to be the fair value of [their] shares, plus interest to the date of judgment."

9. Abeome alleges that Stevens is the record owner of 1,675,285 shares of common stock in Abeome, that Torbett is the record owner of 55,000 shares of common stock in Abeome, and that Campbell is the record owner of 100,123 shares of common stock in Abeome. (Petition at ¶ 2.)

10. Abeome's allegation in Paragraph 2 of the Petition regarding the number of shares owned by Torbett contains an apparent typographical error. As repeatedly acknowledged by Abeome during the dissent process, Torbett is the record owner of 550,000 shares of common stock in Abeome. A true and correct copy of Abeome's September 24, 2021 Offer of Payment letter to Torbett, offering to pay her "the sum of $82,500.00 (or $.15 per share) for [her] Shares," is attached hereto as **Exhibit 2**. A true and correct copy of the Abeome Capitalization Table provided by Abeome to Torbett's counsel on October 7, 2021, listing Torbett as the owner of 550,000 shares, is attached hereto as **Exhibit 3** (entries relating to other shareholders have been redacted).

11. On September 24, 2021, Abeome offered to purchase Defendants' shares at a purchase price of $0.15 per share. (Petition at ¶ 8.) Put differently, Abeome offered to pay Stevens, Torbett, and Campbell amounts totaling $251,292.75, $82,500.00, and $15,018.45, respectively.

12. Defendants rejected Abeome's offer and demanded payment for their shares in the amount of $1.25 per share. (Petition at ¶ 9.) Put differently, Stevens, Torbett, and Campbell demanded payments for all of his or her shares in amounts totaling $2,094,106.25, $687,500.00, and $125,153.75, respectively.

13. In light of the numbers of shares owned by the Defendants and the payments offered and demanded, each Defendant is requesting a judgment of more than $75,000, and one or more Defendants are entitled to a judgment pursuant to O.C.G.A. § 14-2-1330(e) in excess of $75,000.

*See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

14. Accordingly, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n.7 (11th Cir. 2007) (recognizing that the court can assert jurisdiction where the claims of at least one individual party exceed the amount in controversy threshold).

### The Procedural Requirements for Removal Have Been Satisfied

15. On December 16, 2021, Abeome sent copies of the Summons and Petition by UPS Next Day Air delivery to counsel for Stevens and Torbett and to Campbell. *See* **Exhibit 4**.

16. Regardless of whether Abeome's delivery by overnight delivery on December 16, 2021 was effective service, Defendants are timely filing this Notice of Removal within thirty (30) days of receipt of the Summons and Petition. *See* 28 U.S.C. § 1446(b).

17. Because Plaintiff and Defendants are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). Further, Defendants are not citizens of Georgia, the state where the State Court Action was originally brought. Therefore, this action is properly removable pursuant to 28 U.S.C. § 1441(a). Defendants have complied with the procedural requirements for removal.

18. The Middle District of Georgia, Athens Division is the federal judicial district embracing Clarke County, Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(b)(1). Venue, therefore, is proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

19. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all parties and file the same with the Clerk of the Superior Court of Athens-Clarke County, Georgia in accordance with 28 U.S.C. § 1446(d).

**Non-Waiver of Defenses**

20. By removing this action, Defendants do not waive any defenses available to them in this action.

21. By removing this action, Defendants do not admit any of the allegations contained in the Petition.

WHEREFORE, Defendants remove the above-captioned action from the Superior Court of Athens-Clarke County, Georgia to the United States District Court for the Middle District of Georgia.

Respectfully submitted this 14th day of January, 2022.

**PARKER HUDSON RAINER & DOBBS LLP**

/s/ Jared C. Miller
Jared C. Miller
Georgia Bar No. 142219
John H. Elliott
Georgia Bar No. 350612
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Tel: (404) 523-5300
Fax: (404) 522-8409
jcm@phrd.com
jell@phrd.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record, and by U.S. Mail, proper postage prepaid, addressed to the following:

>Edward D. Tolley, Esq.
>Devin Hartness Smith, Esq.
>Cook & Tolley LLP
>304 East Washington Street
>P.O. Box 1927
>Athens, Georgia  30603

This 14th day of January, 2022.

>/s/ Jared C. Miller
>Jared C. Miller