# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ABEOME CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> J. HAMPTON STEVENS, LISA L. TORBETT, AND GEORGE CAMPBELL, <br><br> Defendants. | Civil Action File No. <br> 3:22-cv-00007-CDL |

## ANSWER AND DEFENSES TO PETITION

Defendants J. Hampton Stevens ("Stevens"), Lisa L. Torbett ("Torbett"), and George Campbell ("Campbell") (collectively, the "Dissenters") hereby file their Answer and Defenses to Plaintiff Abeome Corporation, Inc.'s ("Abeome") Petition for Judicial Appraisal of Shares Pursuant to O.C.G.A. § 14-2-1330 ("Petition") and show the following:

1.

The Dissenters admit the allegations contained in the first sentence of Paragraph 1 of the Petition. In response to the remaining allegations contained in Paragraph 1 of the Petition, the Dissenters state that the allegations regarding jurisdiction and venue contained in Paragraph 1 of the Petition state legal conclusions that do not require a response. Moreover, because this action is no longer pending in the Superior Court of Athens-Clarke County, Georgia, these allegations are moot. The Dissenters do not object to venue in this Court or to this Court's jurisdiction for the purposes of this case.

2.

The Dissenters admit the allegations contained in the first and second sentences of Paragraph 2 of the Petition. The Dissenters deny the allegations contained in the third sentence of Paragraph 2 of the Petition. By way of further response to the allegations contained in the third sentence of Paragraph 2 of the Petition, the Dissenters state that Torbett is the record owner of 550,000 shares of common stock in Abeome. The Dissenters admit the allegations contained in the fourth sentence of Paragraph 2 of the Petition.

3.

The Dissenters admit the allegations contained in the first sentence of Paragraph 3 of the Petition. In response to the remaining allegations contained in Paragraph 3 of the Petition, the Dissenters state that the allegations regarding service of process contained in Paragraph 3 of the Petition state legal conclusions that do not require a response. By way of further response, the Dissenters admit that Stevens and Torbett acknowledged receipt and sufficiency of service of the Summons and Petition effective January 10, 2022.

4.

The Dissenters admit the allegations contained in the first sentence of Paragraph 4 of the Petition. In response to the remaining allegations contained in Paragraph 4 of the Petition, the Dissenters state that the allegations regarding service of process contained in Paragraph 4 of the Petition state legal conclusions that do not require a response. By way of further response, the Dissenters admit that Campbell acknowledged receipt and sufficiency of service of the Summons and Petition effective January 10, 2022.

5.

In response to the allegations contained in Paragraph 5 of the Petition, the Dissenters admit that the transactions at issue triggered Abeome's shareholders' right to exercise dissenters' rights in accordance with O.C.G.A. § 14-2-1302(a)(3). The Dissenters are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 5 of the Petition.

6.

In response to the allegations contained in Paragraph 6 of the Petition, the Dissenters admit that on June 28, 2021, they received from Abeome a revised Notice of Annual Meeting of Shareholders that provided written notice of their rights to dissent from the corporate action and obtain payment of the fair value of his or her shares. The Dissenters are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 6 of the Petition. By way of further response, the Dissenters state that, in violation of Georgia law, the original Notice of Annual Meeting of Shareholders that they received from Abeome failed to include a statement that Abeome shareholders are or may be entitled to assert dissenters' rights under O.C.G.A. § 14-2-1301, *et seq.*, and failed to include a copy of O.C.G.A. § 14-2-1301, *et seq.*

7.

The Dissenters admit the allegations contained in Paragraph 7 of the Petition.

8.

In response to the allegations contained in Paragraph 8 of the Petition, the Dissenters admit that Abeome sent letters dated September 24, 2021 to the Dissenters that included an offer to purchase their shares at a price of $0.15 per share. By way of further response, the Dissenters deny that the fair value of their shares is $0.15 per share.

9.

The Dissenters admit the allegations contained in Paragraph 9 of the Petition.

10.

The Dissenters admit the allegations contained in Paragraph 10 of the Petition.

11.

The Dissenters admit the allegations contained in Paragraph 11 of the Petition.

\* \* \*

In response to the unnumbered WHEREFORE Paragraph in the Petition, the Dissenters admit that they have acknowledged service of process and that the Court should determine the fair value of the Dissenters' shares and accrued interest, but deny that Abeome is entitled to any relief whatsoever.

The Dissenters deny any and all allegations contained in the Petition not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

Without shifting the burden of proof where it otherwise rests with Abeome, the Dissenters set forth the following affirmative and other defenses:

### First Defense

Abeome did not substantially comply with the requirements of O.C.G.A. § 14-2-1320 through O.C.G.A. § 14-2-1327.

### Second Defense

Abeome acted arbitrarily, vexatiously, and not in good faith with respect to the rights provided by O.C.G.A. § 14-2-1301, *et seq.*

### Third Defense

Abeome's claim that the fair value of the Dissenters' shares is $0.15 per share is incorrect because the fair value of Dissenters' shares is significantly higher. In addition, Abeome's claim that the fair value of the Dissenters' shares is $0.15 per share is barred by the doctrines of waiver, estoppel, unclean hands, and/or inequitable conduct.

### Fourth Defense

Any facts which shed light on the value of the Dissenters' shares are to be considered in arriving at fair value, including, but not limited to, facts relating to breaches of fiduciary duty, improper self-dealing, depletion of corporate assets and corporate waste, misrepresentations, and any other wrongdoing committed by Abeome and/or its officers and directors. *See*, *e.g.*, *Grace Bros. v. Farley Indus., Inc.*, 264 Ga. 817 (1994).

### Fifth Defense

The Dissenters reserve the right to plead additional defenses, arguments, and/or counterclaims as they become known.

\*   \*   \*

WHEREFORE, having fully answered Abeome's Petition, the Dissenters pray that the Court:

(a) Enter judgment in the Dissenters' favor in the amount which the Court finds to be the fair value of their shares, plus interest to the date of judgment;

(b) Assess the fees and expenses of attorneys and experts against Abeome; and

(c) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of January, 2022.

**PARKER HUDSON RAINER & DOBBS LLP**

/s/ Jared C. Miller
Jared C. Miller
Georgia Bar No. 142219
John H. Elliott
Georgia Bar No. 350612
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Tel: (404) 523-5300
Fax: (404) 522-8409
jcm@phrd.com; jell@phrd.com

*Counsel for Dissenters*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND DEFENSES TO PETITION** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record, and by U.S. Mail, proper postage prepaid, addressed to the following:

> Edward D. Tolley, Esq.
> Devin Hartness Smith, Esq.
> Cook & Tolley LLP
> 304 East Washington Street
> P.O. Box 1927
> Athens, Georgia 30603

This 21st day of January, 2022.

> /s/ Jared C. Miller
> Jared C. Miller