# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **ABEOME CORPORATION, INC.,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**J. HAMPTON STEVENS, LISA L. TORBETT, AND GEORGE CAMPBELL,**<br><br>  **Defendants.** | **Civil Action File No.**<br>**3:22-cv-00007-CDL** |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

  Plaintiff Abeome Corporation, Inc. and Defendants J. Hampton Stevens, Lisa L. Torbett, and George Campbell (collectively, the "Parties"), having agreed to the entry of a protective order for the purpose of protecting the confidentiality of information or records which Plaintiff or Defendants contend is/are confidential business or personal information pursuant to Fed. R. Civ. P. 26, and, for other good cause shown, it is hereby agreed to by the Parties and **ORDERED** that the following terms shall be adhered to by the parties in this matter:

  1. This Order shall apply to all information produced during discovery in this action, by either a party to this action or by a non-party, that shall be designated by the party, non-party, or person producing it ("producing party") as "Confidential," as that term is defined in Paragraph 2 of this Order. This Order shall not apply to information that was public knowledge prior to disclosure, or that following disclosure becomes public knowledge, unless: (a) the information is compiled in such a way that is not publicly available, or (b) such information became public (whether prior to or following disclosure) by an unauthorized or unlawful act or omission of a party. This Order shall also not apply to information that, before disclosure, is properly in the

possession or knowledge of the party to whom such disclosure is made, unless such information was acquired subject to a confidentiality designation under this Order.

2. "Confidential" information is information, documents, or electronically stored data that contains confidential, proprietary, and sensitive personal information (including forensic images of such electronically stored data) and that is designated in writing by the producing party or by another party or as otherwise permitted by this Order as "Confidential" and that is of a confidential, personal, financial, proprietary, or commercially sensitive nature (hereinafter "Confidential Information"). If a document or transcript contains information considered "Confidential" by a producing party, in order to designate a document or transcript as "Confidential," the producing party shall mark or cause to be marked such document or transcript with the legend "CONFIDENTIAL." To the extent feasible, such notation shall be placed on every page of each document so designated, but for electronic files produced only in native format the files may be otherwise designated in writing as "Confidential."

3. Confidential Information may not be disclosed to anyone except as provided in this Order

4. Information disclosed at a deposition or other testimony may be designated as "Confidential" at the time of the testimony or deposition by making such designations on the record. Additionally, a party may designate testimony as "Confidential" after a deposition, by notifying the other party in writing within ten (10) business days after receipt of the final transcript of the specific pages and line numbers of the transcript that should be so designated. Unless the parties otherwise agree on the record of the deposition, all transcripts and testimony shall be treated as "Confidential" from the date of the deposition until a period of ten (10) business days after

receipt of the final transcript to allow the parties time to designate additional testimony as "Confidential" in accordance with this Paragraph.

5. Any information designated "Confidential," or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such Confidential Information, may be filed with the Court, but the filing party must follow the Court's procedures for attempting to file such information under seal. Information designated "Confidential" may not be publicly filed without the filing party first trying to file such information under seal and allowing appropriate opportunity for the request to be ruled upon.

6. Material designated as "Confidential" that has been obtained during the course of this proceeding may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons, subject to the provisions of this Order:

(a) The producing party;

(b) The Parties, limited to the individual Defendants and employees of Plaintiff actively assisting with this litigation or who authored or previously received the Confidential Information;

(c) The Parties' litigation counsel of record in this litigation and supporting personnel employed by such counsel and assisting in the litigation;

(d) Any expert or consultant and their employees and/or staff, who is retained by a Party to assist in this litigation, provided that: (a) the disclosure is only to the extent necessary to perform such work; and (b) such person has signed the undertaking attached hereto as Exhibit A;

(e) Court reporters, stenographers, and videographers retained to record testimony taken in this litigation;

(f) The Court and court personnel;

(g) Third parties retained by the Parties for settlement purposes or resolution of disputes, including their staff, provided such person has signed the undertaking attached hereto as Exhibit A;

(h) Persons or entities retained to provide litigation support services to a Party, such as commercial copying vendors, data processing vendors, and/or database service providers, graphics, translation, design, or trial consulting services (including mock jurors);

(i) A deponent during a deposition in this litigation. Counsel for any producing party shall have the right to exclude from oral depositions any person who is not authorized by this Order to receive Confidential Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Information;

(j) Any witness at trial;

(k) Any person who authored or previously received the Confidential Information; and

(l) Any other person by order of the Court or with the prior written consent of the producing party.

Persons receiving material designated as "Confidential" (or receiving a summary, description, characterization, or other communication of material designated as "Confidential") shall hold such information received from the disclosing party in confidence, shall not use it for any business or other commercial purpose, and shall not disclose it to any person or entity except as provided in

this Paragraph 6.  In the event a person receiving material designated as "Confidential" in this action seeks to use such material in another lawsuit, the person receiving such material shall: (a) continue to maintain the confidential nature of such material or information in accordance with this Protective Order; (b) if filing such information with the Court in such other action, do so only if under seal or *in camera*, in accordance with the particular rules and procedures of that court, in a manner that will not destroy the confidentiality of such information; and (c) notify the party that designated the material as "Confidential" in this action prior to use in such other action.

7. Subject to the rules of evidence, in the event documents designated "Confidential" are to be filed with the Court or offered in evidence at hearing or trial of this case, the party filing or offering such evidence must file such materials under seal in a manner not to be disclosed to the public or otherwise request that the materials be maintained confidentially. If necessary to protect the confidential nature of such documents, the party designating the documents as "Confidential" may move the Court orally or in writing for an order that the Confidential Information be received *in camera* at the hearing or under other conditions to prevent disclosure. The Court will then determine whether the proffered evidence should be treated as confidential, and if so, what protections shall be afforded to such documents at the hearing or trial. The parties shall also consider whether filing of a redacted version of evidence is sufficient to protect against the disclosure of Confidential Information but will still allow for the use of the evidence as needed by the Court or requested by a party.

8. Notwithstanding anything to the contrary herein, any Confidential Information may be used in any deposition taken of the producing party or its employees or experts, or may be used in any other deposition with the written consent of the party that produced such Confidential Information, which such consent shall not be unreasonably withheld, subject to the condition that

when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition involving such Confidential Information is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential Information pursuant to the terms of this Order. Any person who is provided any such Confidential Information at a deposition shall not retain copies or content of such materials in any form.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or producing party of any information as "Confidential," the party objecting shall first try to resolve such disagreement with the producing party in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction shall submit the issue to the Court for resolution.

10. Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential" the producing party may give written notice to the receiving party that the document, information, or testimony contains Confidential Information and/or that the document, information or testimony should be treated as Confidential Information in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party

shall return said unmarked or incorrectly marked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Confidential Information, and shall cooperate in restoring the confidentiality of such Confidential Information. The receiving party shall not be responsible for the disclosure or other distribution of belatedly-labeled or incorrectly labeled Confidential Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Order.

11. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may not assert, as a basis for compelling production, waiver based on its inadvertent production in the first instance, so long as the producing party promptly notified the compelling party upon discovery of the error.

12. It is not the intention of this Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude any party, including the producing party, from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

13. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential

Information. The fact that Information is designated "Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    (a)    whether any particular document, information, or transcript is or is not Confidential Information;

    (b)    whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    (c)    whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

14.    Any non-party to this action may designate information requested via third party discovery requests or subpoena as "Confidential" and such Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Order.

15.    Within thirty (30) days following the conclusion of this litigation, all information designated as Confidential Information, all copies of Confidential Information and/or any content of such material, in whole or in part, including any content within any notes made by such person of Confidential Information, shall be returned by all those receiving it pursuant to this Order to the producing party, or destroyed, except counsel of record in this action may maintain such documents or information provided they continue to be abide by the terms of this Order.

16.    The restrictions provided for above shall not terminate upon the conclusion of this lawsuit but shall continue until further Order of this Court. This Confidentiality Agreement and

Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

17. Nothing in this Order limits or restricts a producing party's right to use or disclose information which it produced, and which is proprietary to it.

**SO ORDERED,** this 20th day of April, 2022.

            \_\_S/Clay D. Land
            CLAY D. LAND, JUDGE
            UNITED STATES DISTRICT COURT

Agreed to this 15th day of April, 2022 by:

| **COOK & TOLLEY LLP** | **PARKER, HUDSON, RAINER & DOBBS LLP** |
|---|---|
|  | *s:/Jared C. Miller* |
| Edward D. Tolley | Jared C. Miller |
| Georgia Bar No. 714300 | Georgia Bar No. 142219 |
| *s:/Devin Hartness Smith* | John H. Elliott |
| Devin Hartness Smith | Georgia Bar No. 350612 |
| Georgia Bar No. 918980 | 303 Peachtree Street, NE |
| 304 East Washington Street | Suite 3600 |
| Post Office Box 1927 | Atlanta, Georgia 30308 |
| Athens, Georgia 30603 | Telephone: (404) 523-5300 |
| Telephone: (706) 549-6111 | Facsimile: (404) 522-8409 |
| Facsimile: (706) 548-0956 | jcm@phrd.com |
| etolley@cooktolley.com | jell@phrd.com |
| devinhsmith@cooktolley.com |  |
|  | *Counsel for Defendants* |
| *Counsel for Plaintiff* |  |

# EXHIBIT A
# AGREEMENT OF CONFIDENTIALITY

I acknowledge that information is to be made available to me that has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled: *Abeome Corporation, Inc. v. J. Hampton Stevens, et al.*, United States District Court for the Middle District of Georgia, Civil Action File No. 3:22-cv-00007-CDL.

I understand that I am prohibited by a Court Order from using such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use of the information.

I understand that any documents or other things that I receive, which are designated as confidential information, are to remain in my personal custody until such information is no longer needed for the prosecution or defense of this case. I shall destroy all such documents or things (and confirm such destruction to the counsel who provided them) or return them to the counsel who provided me with them. I have read the Confidentiality Agreement and Protective Order entered by the Court and agree to be bound by its terms to the extent applicable.

I understand that any violation of confidentiality under this Agreement may be punishable as contempt of court.

Dated this ___ day of _____, 20___.

_____
Print Name

_____
Signature